UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATON, | CIV. NO. 13-1534(SRN/JSM) |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| ROGER A. WILLHITE, ALICE E. WILLHITE JOHN DOE and MARY ROE, | |
| Defendants. | |

This matter is before the Court on plaintiff's Motion to Remand [Docket No. 5]. On June 21, 2013, defendants removed this action from Minnesota state court. Notice of Removal [Docket No. 1]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to U.S.C. § 636(b)(1)(A), (B), Local Rule 72.1(c), and the Amended Administrative Order issued by Chief Judge Michael J. Davis on October 11, 2013 [Docket No. 16].

This is an eviction action initiated by plaintiff Federal National Mortgage Association ("Fannie Mae") in Minnesota state court, similar to numerous other eviction actions that have been removed from state court to federal district court by defendants' counsel, William Butler, in recent months. On July 10, 2013, Fannie Mae filed a motion to remand the matter to state court based on the principle of abstension. Plaintiff's Memorandum of Law in Support of Remand [Docket No. 6]. Defendants opposed the motion, arguing that the matter was properly removed and that abstention was not appropriate. Defendants' Memorandum of Law in Opposition to Motion to Remand [Docket No. 10]. It is this Court's determination that remand is appropriate.

Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). The district court must strictly construe the removal statute against removal jurisdiction and resolve all doubts as to the propriety of federal jurisdiction in favor of state court jurisdiction. 28 U.S.C. § 1447(c); Masepohl v. American Tobacco Co., Inc., 974 F. Supp. 1245, 1249 (D. Minn. 1997) (internal citation omitted).

Fannie Mae originally filed the eviction action in Minnesota District Court, Isanti County, on June 11, 2013. Notice of Removal, p. 1. The property in question is located in Cambridge, Minnesota. Id., Ex. 1 (Evictions Summons and Complaint) [Docket No. 1-1]. Defendants are the former owners of the property. The property was previously the subject of a mortgage foreclosure sale conducted on October 11, 2011. Id.

Defendants removed the on the basis that this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1345, asserting that plaintiff is deemed a federal agency pursuant to 12 U.S.C. § 1452(f). Notice of Removal, p. 1. Without deciding whether this action was properly removed under 28 U.S.C. § 1441 and 28 U.S.C. § 1345,[1] the Court is persuaded that abstention from exercising jurisdiction is appropriate.

---

[1] There is some doubt as to whether defendants appropriately rely on 28 U.S.C. §1345 as applicable to Fannie Mae, a federally-chartered corporation. See Federal Nat'l Mortgage Ass'n v. Torborg, Civ. No. 13-1522 (DWF/AJB), 2013 WL 5567454, at *1, n.1 (D. Minn. Sept. 4, 2013) (Order adopted by District Court, 2013 WL 5567450, at *1 (D. Minn. Oct. 9, 2013). As the court noted in Torborg, in several similar eviction actions brought by Federal Home Loan Mortgage Corporation ("Freddie Mac") and removed to district court by defendants' counsel William Butler, defendants cited both 28 U.S.C. and Freddie Mac's charter, 12 U.S.C. §1452(f), which provides that Freddie Mac shall be deemed an agency included in 29 U.S.C. §1345 as the basis for removal. Id. But as in Torborg, defendants did not cite Fannie Mae's charter, 12 U.S.C. §1723a(a), in their removal papers, which many courts have concluded fails to confer original jurisdiction on the district courts. Id. (citing Carter v. Watkins, Civ. No. WDQ-12-2813, 2013 WL 2139505, at *3-4 (D. Md. May 14, 2013); Federal Nat'l Mortgage Ass'n

See Federal Home Loan Mortgage Corp. v. Grantz, Civ. No. 13-1490 (PJS/AJB), 2013 WL 5202393, at *1 (D. Minn. Sept. 12, 2013) (Magistrate Judge's Order adopted by District Court Sept. 16, 2013 (2013 WL 5203395 at *1 (D. Minn. Sept. 16, 2013)); Torborg, 2013 WL 5567454, at *1-2; Federal Home Loan Mortgage Corp. v. Angelberto Contreras, Civ. No. 13-897 (ADM/AJB), (D. Minn. Aug. 29, 2013) (Magistrate Judge's Order [Docket No. 25] adopted by District Court Oct. 1, 2013 [Docket No. 29]); Federal Home Loan Mortgage Corp. v. Briggs, Civ. No. 13–1243 (MJD/AJB), (D. Minn. Aug. 29, 2013) (Magistrate Judge's Order [Docket No. 18]); Federal Home Loan Mortgage Corp. v. Smith, No. 13-908 (JNE/AJB), (D. Minn. July 2, 2013) (Magistrate Judge's Order [Docket No. 39] adopted by District Court Aug. 12, 2013 [Docket No. 43]); Federal Home Loan Mortgage Corp. v. Stone, Civ. No.13-970 (JNE/AJB), (D. Minn. July 2, 2013) (Magistrate Judge's Order [Docket No. 36] adopted by District Court Aug. 12, 2013 [Docket No. 41]).

Federal courts may decline to exercise jurisdiction in "exceptional circumstances." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) (quotation omitted). Abstention involves weighing principles of federalism and comity against the federal interest in retaining jurisdiction. Id. at 716, 728-29, 733-34. Federal courts exercise discretion to "restrain their authority because of scrupulous regard for the

---

v. Diaz, Civ. No. 11-1093, 2011 WL 4375015, at *2 (E. D. Cal. Sept. 19, 2011); Federal Nat'l Mortgage Ass'n v. Bradley, Civ. No. 11-2351, 2011 WL 3844577, at *2 (N. D. Ga. July 26, 2011); Federal Nat'l Mortgage Ass'n v. Hammond, Civ. No. 11–867, 2011 WL 2516498, at *3–4 (C.D. Cal. June 22, 2011); Federal Nat'l Mortgage Ass'n v. Sandoval, Civ. No. 11–0139, 2011 WL 976708, at *2 (E.D. Cal. Mar. 16, 2011); Rincon Del Sol, LLC v. Lloyd's of London, 709 F.Supp.2d 517, 522–25 (S.D. Tex. 2010); Knuckles v. RBMG, Inc., 481 F.Supp. 2d. 559, 562–65 (S.D .W.Va.2007).  But see, e.g., Pirelli v. Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines, 534 F.3d 779 (D.C. Cir.2008); Allen v. Wilford & Geske, Civ. No. 10–4747, 2010 WL 4983487, at *2 (D. Minn. Dec. 2, 2010)).

3

rightful independence of the state governments and for the smooth working of the federal judiciary." Burford v. Sun Oil Co., 319 U.S. 315, 317-34 (1943) (citations omitted).

In MCC Mortgage, the district court determined that it could abstain from hearing an eviction action removed from Minnesota state court, citing Burford, 319 U.S. at 317-34. 685 F. Supp. 2d at 947. Under Burford, abstention is appropriate where the action involves "difficult questions of state law bearing on policy problems of substantial public import," or where the exercise of federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Quackenbush, 517 U.S. at 726-27 (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)). The court in MCC Mortgage noted that "even where jurisdiction otherwise exists, courts often abstain from hearing eviction matters to avoid 'completely emasculat[ing] the state structure for dealing with such disputes.'"[2] 685 F. Supp. 2d at 946-47 (quoting MRM Mgmt. Co. v. Ali, Civ. No. 97-1029, 1997 WL 285043, at *1 (E.D.N.Y. May 27, 1997)); see also, Homesales Inc., of Delaware v. Greene, Civ. No.10-3024-CL, 2010 WL 1630469, at *2-3 (D. Or. March 25, 2010) (because unlawful detainer actions involve a state regulatory statute and important state policy issues, the federal court should abstain and remand the matter to state court) (Report and Recommendation adopted by district court on other grounds, 2010 WL

---

[2] Although the court in MCC Mortgage declined to abstain from jurisdiction, that case is factually distinguishable from this action, which involves a post-foreclosure eviction of a former mortgagor. Further, this Court is aware that this action is one of numerous post-foreclosure eviction actions that have been removed to this Court in the last several months on the same removal grounds defendants invoke here, which further distinguishes the present action and the Court's ability to efficiently handle such summary eviction proceedings.

1630468, at *1 (D. Or. April 19, 2010[3]); CPG Finance I, L.L.C. v. Shopro, Inc., Civ. No. 06-3015-RED, 2006 WL 744275, at *4 (W.D. Mo. March 22, 2006) (noting that policy objectives underlying abstention support remand of removed dispossessory action) (quoting Quackenbush, 517 U.S. at 716) ("[A]bstention is warranted by considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration.")); Glen 6 Assocs. v. Dedaj, 770 F. Supp. 225, 228-29 (S.D.N.Y. 1991) (finding that principles of comity and federalism dictate abstaining from eviction matter and noting that accepting removal of eviction proceedings to federal court would overburden the federal system).

Although "abstention 'is the exception, not the rule,'" MCC Mortgage, 685 F. Supp. 2d at 947 (quoting Colorado River Water Conservation Dist., 424 U.S. at 813), this Court concludes that abstention is appropriate here.  This post-foreclosure eviction action is a summary proceeding created by Minnesota state law (Minn. Stat. § 504B), the enforcement of which is delegated to Minnesota law enforcement personnel. See generally Minn. Stat. §§ 504B.001, subd. 4, 504B.365. See also Homesales Inc., 2010 WL 1630469, at *2-3 (noting that unlawful detainer "is a special statutory proceeding" regulated by state law, which provides such action be brought in state circuit courts). Eviction actions are fundamentally a matter of state law.  See MCC Mortgage, 685 F. Supp. 2d at 946.  There is no federal interest in retaining the proceedings or federal right at stake, and there is no apparent prejudice in the action proceeding in state court. See, e.g., Glen 6 Assocs., 770 F. Supp. at 228.  Minnesota state district courts are

---

[3]  In Homesales Inc., the district court found that it lacked subject matter jurisdiction over the unlawful detainer action, and therefore did not reach the issue of abstention in adopting the Magistrate Judge's recommendation of remand. 2010 WL 1630468, at *1.

uniquely qualified to handle efficiently the large volume of post-foreclosure eviction cases to which Fannie Mae is a party.  As the court in <u>Federal Home Loan Mortgage Corp. v. Matassino</u> noted: "The court is very aware that dispossessory actions are now, and have always been, primarily state court matters.  State courts are highly familiar with dispossessory procedure, and federal courts are ill-equipped to adjudicate these actions." Civ. No. 1:11-3895-CAP, 2012 WL 6622607, at *8 (N.D. Ga. Dec. 3, 2012).  In this case, it appears that defendants have removed the action to federal court seeking solely to delay the eviction proceeding in Hennepin County.  Considering principles of comity, federalism, and judicial economy, the Court recommends that plaintiff's Motion to Remand be granted and the matter remanded to state court.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that plaintiff's Motion to Remand [Docket No. 5] be **GRANTED** and the action be remanded to Minnesota state district court.

Dated: December 9, 2013                    *Janie S. Mayeron*
                                           JANIE S. MAYERON
                                           United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 23, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.