UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Federal National Mortgage Association,<br><br>Plaintiff,<br><br>v.<br><br>Roger A. Willhite, Alice E. Willhite, John Doe, and Mary Roe,<br><br>Defendants. | Case No. 13-cv-1534 (SRN/JSM)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Curt N. Trisko, Jeffrey D. Klobucar, Nchangnyuy K. Fondungallah, Rebecca F. Schiller, and Sarah J. B. Adam, Schiller & Adam, P.A., 25 North Dale Street, Saint Paul, Minnesota 55102, for Plaintiff.

William B. Butler, Butler Liberty Law, LLC, 33 South Sixth Street, Suite 4100, Minneapolis, Minnesota 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Objection [Doc. No. 15] to United States Magistrate Judge Janie S. Mayeron's December 9, 2013, Report and Recommendation ("R&R") [Doc. No. 14]. The Magistrate Judge recommended that Plaintiff's Motion to Remand [Doc. No. 5] be granted, and the action be remanded to Minnesota state district court. For the reasons set forth below, the Court overrules Defendants' Objection and adopts the R&R.

1

## II.   BACKGROUND

The Magistrate Judge's Report and Recommendation thoroughly documents the factual and procedural background of this case, and the Court incorporates it here by reference.  Briefly stated, Plaintiff Federal National Mortgage Association brought this eviction action against Defendants on June 11, 2013 in Isanti County District Court.  The litigation concerns Defendants' former property in Cambridge, Minnesota, which was subject to a mortgage foreclosure sale on October 11, 2011.

On June 21, 2013, Defendants removed this case to federal district court, asserting that this Court has original jurisdiction under 28 U.S.C. § 1345 because Plaintiff is a federal agency under 12 U.S.C. § 1452(f).  (Notice of Removal [Doc. No. 1].)  On July 10, 2013, Plaintiff moved to remand this case to state court.  (Mot. to Remand to State Court [Doc. No. 5].)  On July 30, 2013, Defendants opposed Plaintiff's motion.  (Mem. in Opp'n to Mot. to Remand [Doc. No. 10].)

On December 9, 2013, the Magistrate Judge recommended that Plaintiff's Motion to Remand be granted, and the action be remanded to Minnesota state district court.  (Dec. 9, 2013, Report and Recommendation at 6 [Doc. No. 14].)  Without deciding whether this case was properly removed under 28 U.S.C. § 1441 and 28 U.S.C. § 1345, the Magistrate Judge concluded that abstaining from exercising jurisdiction is appropriate.  (Id. at 5.) Considering principles of comity, federalism, and judicial economy, the Magistrate Judge found abstention appropriate because this eviction action is "fundamentally a matter of state law," and there was neither a federal interest in retaining the proceedings or a federal right at stake, nor any apparent prejudice with the case going forward in state court.  (Id. at 5-6.)

Defendants filed objections [Doc. No. 15] to the Magistrate Judge's R&R on December 17, 2013, and Plaintiff responded [Doc. No. 17] on December 23, 2013.

### III. DISCUSSION

#### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D.Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3). Ordinarily, the district judge relies on the record of proceedings before the magistrate judge. D.Minn. LR 72.2(b)(3).

#### B. Objections

Defendants cite Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), arguing that a federal court cannot abstain from exercising jurisdiction over a case when it falls within the court's federal-question jurisdiction. (Objection [Doc. No. 15].) The Court recently rejected this very argument by Defendants' counsel. Fed. Nat'l Mortg. Ass'n v. Guse, No. 13-cv-801 (PJS/JSM), 2014 WL 127033 (D. Minn. Jan. 14, 2014); Fed. Nat'l Mortg. Ass'n v. Mondragon, No. 13-cv-1473 (PJS/JSM), 2014 WL 127113 (D. Minn. Jan. 14, 2014). These cases identify the following problems with Defendants' argument.

First, this case does not involve federal-question jurisdiction. The Court agrees with the Magistrate Judge's observation that this post-foreclosure eviction action is

"fundamentally a matter of state law." (Dec. 9, 2013, Report and Recommendation at 5 [Doc. No. 14].) Moreover, Defendants removed this case under 28 U.S.C. § 1345 ("United States as plaintiff") and not 28 U.S.C. § 1331("Federal question"). (Notice of Removal [Doc. No. 1].) By asserting that this Court has jurisdiction "because Plaintiff is a federal agency within the meaning of 28 U.S.C. § 1345," Defendants posit that every case to which the United States is a party involves federal-question jurisdiction. (Id. ¶ 3 [Doc. No. 1].) The Court, however, previously noted:

> If defendants were correct that a federal court has jurisdiction over every case to which the United States is a party under § 1331, then § 1345 would have no reason for existing. In support of their argument, defendants cite nothing except Article III, § 2 of the Constitution. But Article III, § 2 explicitly distinguishes between federal-question jurisdiction [sic] and U.S.-party jurisdiction [sic]. Moreover, Article III, § 2 creates *all* federal jurisdiction— including not only the federal-question jurisdiction implemented in § 1331, and the U.S.-party jurisdiction implemented in § 1345, but, for example, the diversity jurisdiction implemented in 28 U.S.C. § 1332. Just as diversity jurisdiction is plainly not federal-question jurisdiction, so, too, U.S.-party jurisdiction is plainly not federal-question jurisdiction.

Guse, 2014 WL 127033, at *1; see Mondragon, 2014 WL 127113, at *1. This reasoning applies to the very same argument ventured by Defendants' counsel here. The Court finds that there is no federal-question jurisdiction.

Second, Colorado River does not apply to this case as Defendants urge. In Colorado River, the United States filed a federal lawsuit with state and federal claims. 424 U.S. at 805, 815-16. The district court dismissed the federal lawsuit, a decision with which the Supreme Court agreed. Id. at 821. Although the Supreme Court noted that the district court would have had jurisdiction under 28 U.S.C. § 1331, dismissal was nonetheless appropriate in light of many factors that counseled against concurrent federal proceedings. Id. at 819.

As such, even if the United States is a party, and even if there were federal-question jurisdiction, abstention may still be appropriate.

The Magistrate Judge properly considered principles of comity, federalism, and judicial economy in reaching her conclusion that abstention is appropriate.  The Court finds this case to be an ordinary eviction proceeding that falls squarely within the realm of state law.  There is no federal interest in retaining the proceedings or federal right at stake, and there is no apparent prejudice to the defendants by resuming this case in state court.  Accordingly, the Court grants Plaintiff's motion and remands this matter to Isanti County District Court.

**IV.   ORDER**

The Court **OVERRULES** Defendants' Objection [Doc. No. 15] and **ADOPTS** the Magistrate Judge's December 9, 2013, Report and Recommendation [Doc. No. 14]. Accordingly, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Motion to Remand [Doc. No. 5] is **GRANTED**;

2.   This action is remanded to Isanti County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:       February 18, 2014            s/ Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Court Judge